People v Smith (2020 NY Slip Op 05258)





People v Smith


2020 NY Slip Op 05258


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

109837

[*1]The People of the State of New York, Respondent,
v
Juan Smith, Appellant.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Adam W. Toraya, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered October 23, 2017, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant, a prison inmate, was indicted and charged with one count of promoting prison contraband in the first degree. Following multiple court appearances and numerous opportunities to confer with counsel, defendant agreed to plead guilty — at a pretrial appearance 10 days before the scheduled jury trial date — to the reduced charge of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced to a prison term of 1½ to 3 years — said sentence to be served consecutively to the sentence defendant then was serving. County Court thereafter accepted defendant's guilty plea and sentenced defendant, as a second felony offender, to the agreed-upon prison term. This appeal by defendant ensued.
We affirm. Defendant initially contends that he felt pressured to accept the plea offer and that County Court failed to expressly advise him of his right to call witnesses to testify upon his behalf, thereby rendering his resulting guilty plea involuntary. However, defendant's challenge to the voluntariness of his plea is unpreserved for our review, as the record fails to disclose that defendant made an appropriate postallocution motion (see People v Edwards, 181 AD3d 1054, 1055 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; People v Strack, 177 AD3d 1036, 1037 [2019]). Further, given that defendant did not make any statements during the plea colloquy that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Brito, 184 AD3d 900, 901 [2020]; People v Lobao, 178 AD3d 1238, 1239 [2019], lv denied 35 NY3d 971 [2020]).
In any event, "the pressure to which defendant now contends he was subjected amounts to nothing more than the type of situational coercion faced by many defendants who are offered a plea deal" (People v Blanford, 179 AD3d 1388, 1392 [2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 968 [2020]). Notably, defense counsel provided a list of the witnesses that defendant intended to call should the matter proceed to trial, thus belying defendant's present assertion that he was unaware of his rights in this regard. Finally, we reject defendant's claim that the agreed-upon sentence imposed, which was the minimum permissible sentence for a second felony offender (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 110.00, 205.25 [2]; People v Collins, 134 AD3d 1352, 1353 [2015]), was harsh and excessive.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.