People v Butler (2020 NY Slip Op 06412)





People v Butler


2020 NY Slip Op 06412


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

110153

[*1]The People of the State of New York, Respondent,
v
Arthur Butler, Appellant.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Lindsay H. Kaplan, Kingston, for appellant.
Jason J. Kovacs, Special Prosecutor, Kingston, for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 13, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant was charged in an indictment with criminal sale of a controlled substance in the third degree. During the plea discussions that ensued, the Special Prosecutor agreed to reduce the charge to criminal possession of a controlled substance in the fifth degree and to recommend a sentence of 3½ years in prison, which was six months less than the four-year maximum. County Court agreed to a reduction of the charge, but announced that it would impose the maximum sentence of four years in prison. In response, defense counsel confirmed that, if defendant pleaded guilty to the reduced charge, he understood that a four-year prison term would be imposed. County Court then advised the parties that the sentence also included a two-year period of postrelease supervision. With the terms of the plea agreement set forth on the record, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and waived his right to appeal. He was subsequently sentenced to four years in prison, followed by two years of postrelease supervision. Defendant appeals.
Initially, defendant contends that the Special Prosecutor breached the terms of the plea agreement by not recommending that he be sentenced to 3½ years in prison. Although the Special Prosecutor failed to make this recommendation at sentencing, there was no breach of the plea agreement as County Court did not make a commitment to be bound by this recommendation and clearly indicated that it would sentence defendant to the maximum of four years in prison (see generally People v Thompson, 79 AD3d 1457, 1457-1458 [2010]; People v McLean, 59 AD3d 859, 860 [2009]). Moreover, contrary to defendant's claim, the record discloses that he was fully advised that the sentence that was part of the plea agreement included a two-year period of postrelease supervision, and he was sentenced in accordance therewith (see People v Pendleton, 81 AD3d 1037, 1038 [2011], lv denied 16 NY3d 898 [2011]). Therefore, inasmuch as defendant entered a knowing, intelligent and voluntary guilty plea, we find no reason to disturb the judgment of conviction.
Lynch, J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.