People v Scharborough (2020 NY Slip Op 08124)





People v Scharborough


2020 NY Slip Op 08124


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

109374

[*1]The People of the State of New York, Respondent,
v
Jeremy A. Scharborough, Appellant.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Michelle E. Stone, Vestal, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Joseph T. Murphy of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Baker, J.), rendered March 6, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
In December 2015, defendant attended a house party in a vacant residence in the City of Elmira, Chemung County. Police responded to the party following a noise complaint and alleged that, while the responding officers were speaking with the party's host at the front door to the residence, defendant pushed the door into one of the officers, striking him. Defendant was arrested and, during a search incident to the arrest, officers discovered five plastic baggies of cocaine with an aggregate weight of 4.2 grams. Defendant was charged by indictment with criminal possession of a controlled substance in the fourth degree, resisting arrest and harassment in the second degree.
Defendant moved to suppress the physical evidence found during the search incident to the arrest, claiming that the officers' warrantless entry into the residence was unlawful. Following a suppression hearing, County Court concluded that defendant was a guest in the vacant residence and, as such, lacked standing to challenge the warrantless entry. Later, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and was sentenced, as a second felony offender with a prior violent felony offense, to a prison term of five years followed by three years of postrelease supervision. Defendant appeals.
Defendant first asserts that his guilty plea was involuntary and should be vacated. However, this challenge "is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite the opportunity to do so prior to the imposition of his sentence" (People v Gomez, 162 AD3d 1311, 1312 [2018], lv denied 32 NY3d 1172 [2019]; see People v Smith, 187 AD3d 1246, 1247 [2020]). Moreover, "as the record does not reflect that defendant made any statements that were inconsistent with [his] guilt, negated an element of the charged crime[] or otherwise called into question the voluntariness of [his] plea, the narrow exception to the preservation requirement was not triggered" (People v Labao, 178 AD3d 1238, 1239 [2019], lv denied 35 NY3d 971 [2020]; see generally People v Lopez, 71 NY2d 662, 666-667 [1988]). To the extent that one of defendant's ineffective assistance claims — the failure of counsel to secure independent testing of the drugs found on defendant — implicates the validity of his plea, this claim involves matters outside of the record before us that is more properly the subject of a CPL article 440 motion (see People v Garry, 133 AD3d 1039, 1040 [2015]; People v Brown, 125 AD3d 1049, 1050 [2015]). Defendant's remaining ineffective assistance "claim[] that [is] unrelated to the voluntariness of his plea [is] foreclosed by his guilty plea" (People v Kaid, 163 AD3d 1151[*2], 1152 [2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 1005 [2018]; see People v Elder, 173 AD3d 1344, 1346 [2019], lv denied 34 NY3d 930 [2019]).
Defendant further claims that County Court improperly denied his suppression motion, as he had standing to challenge the warrantless entry. "The Fourth Amendment protects all citizens from unreasonable government intrusions into legitimate expectations of privacy" (People v Mercado, 68 NY2d 874, 875 [1986] [internal quotation marks, ellipsis and citation omitted]). As pertinent here, "[i]n order to establish standing to allege a violation of one's Fourth Amendment rights, a defendant must demonstrate a legitimate expectation of privacy in premises belonging to another[,] e.g., an overnight guest or a familial or other socially recognized relationship" (People v Crippen, 156 AD3d 946, 947-948 [2017] [internal quotation marks and citation omitted]; see generally People v Ortiz, 83 NY2d 840, 842 [1994]).
At the suppression hearing, defendant testified that the party's host — his mother — had organized a party for him in the vacant residence and that she had permission from the property owner to host the party at that location. Defendant admitted that he was a guest of the property owner and denied any intention to remain in the residence beyond the conclusion of the party. The property owner testified that he had "rented" the empty residence to defendant's mother for purposes of holding the party, without charging a fee. He expected that the partygoers would remain "[until] the party was over," and further stated that, although the partygoers had control over the space during the party, "they [were] not going to move in." Several witnesses, including defendant, testified that there was no furniture in the residence at the time of the party, and two of the partygoers testified that they had residences elsewhere. Given this testimony, we agree with County Court that defendant did not have a legitimate expectation of privacy while attending the party at the vacant residence, and find that the court properly denied defendant's motion to suppress (see People v Ponder, 54 NY2d 160, 166 [1981]; compare People v Mason, 248 AD2d 751, 753 [1998]).
Defendant asserts that his sentence is harsh and excessive. Defendant, a second felony offender with a prior violent felony conviction, entered into an open plea agreement, with sentencing left to County Court, and was sentenced to a prison term of five years followed by three years of postrelease supervision, which is within the permissible statutory range (see Penal Law §§ 60.04 [1] [4]; 70.70 [4] [b] [ii]; 70.45 [2] [d]). As the record before us does not present extraordinary circumstances or an abuse of discretion warranting modification, we decline to disturb the sentence (see People v Hightower, 186 AD3d 926, 932 [2020], lv denied 35 NY3d 1113 [2020]). Finally, County Court sentenced defendant as a second felony drug offender [*3]with a prior violent felony offense, but the uniform sentence and commitment form erroneously provides that he was sentenced as a second felony offender (compare Penal Law § 70.70 [4] [a], [b] [ii], with Penal Law § 70.70 [3] [a], [b] [ii]; see Penal Law § 70.70 [1] [b], [c]). Thus, an amended uniform sentence and commitment form must be prepared that correctly reflects defendant's status as a second felony drug offender with a prior violent felony offense (see People v Morrow, 163 AD3d 1265, 1266 [2018]).
Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.