People v Miller (2021 NY Slip Op 00056)





People v Miller


2021 NY Slip Op 00056


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

110769

[*1]The People of the State of New York, Respondent,
v
Christopher Miller, Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Connolly, J.), rendered February 28, 2018 in Albany County, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree (two counts).
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with two counts of grand larceny in the fourth degree. Pursuant to a plea agreement, which required defendant to waive his right to appeal, defendant pleaded guilty to the charged crimes before County Court (Herrick, J.) with the understanding that sentencing would be adjourned and he would be allowed to participate in a drug court treatment program. If successful, defendant would be permitted to withdraw his plea and plead guilty to two misdemeanor counts of petit larceny and receive concurrent sentences of time served, together with a one-year conditional discharge; if unsuccessful, defendant could receive consecutive prison terms of 2 to 4 years on the charged crimes. Throughout the resolution of those charges, defendant was represented by the Albany County Public Defender's office.
Defendant violated the terms of the drug court treatment program on more than one occasion and, ultimately, a violation petition was issued. Defendant, again represented by the Albany County Public Defender's office, thereafter agreed to admit to violating a provision of the treatment agreement by failing to appear in drug court on a particular date with the understanding that he would be sentenced to consecutive prison terms of 1½ to 3 years — subject to any applicable credit. This agreement, which required defendant to waive his right to appeal, also covered other potential charges. Following defendant's admission, Supreme Court (Connolly, J.) sentenced defendant as a second felony offender to the contemplated terms of imprisonment. This appeal ensued.
Defendant, as so limited by his brief, initially challenges the waiver of the right to appeal made in connection with his admission that he violated the terms and conditions of his participation in the drug court treatment program. In this regard, the record reflects that Supreme Court explained the separate and distinct nature of the right being forfeited, and defendant, who executed a written waiver of appeal in open court, assured the court that he had reviewed the waiver with counsel, had been afforded sufficient time to confer with her and understood the implications of the waiver. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Jones, 182 AD3d 698, 699 [2020]; People v Hunt, 176 AD3d 1253, 1253-1254 [2019]; People v Adams, 165 AD3d 1343, 1344 [2018]).
Although defendant's challenge to the voluntariness of his underlying plea survives even a valid appeal waiver, such argument is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Apelles, 185 [*2]AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]; People v Thompson-Goggins, 182 AD3d 916, 918 [2020]; People v Gumbs, 182 AD3d 701, 702 [2020], lv denied 35 NY3d 1066 [2020]). Notably, defendant made no effort to challenge the voluntariness of his plea until the instant appeal — following his admission that he had failed to comply with the terms of his participation in the drug treatment court program (see Matter of Koontz, 166 AD3d 1215, 1217 [2018], lv denied 32 NY3d 1206 [2019]; People v Austin, 141 AD3d 956, 957 [2016]). Further, as defendant did not make any statements that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Brito, 184 AD3d 900, 901 [2020]; People v Ramos, 179 AD3d 1395, 1397 [2020], lv denied 35 NY3d 973 [2020]). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v Vilbrin, 183 AD3d 1012, 1013 [2020], lv denied 35 NY3d 1049 [2020]; People v Sydlosky, 181 AD3d 1094, 1095 [2020]), as is any challenge to the voluntariness of defendant's admission to violating the terms of the drug court treatment agreement (see People v Peterson, 147 AD3d 1148, 1149 [2017]). The balance of defendant's ineffective assistance of counsel claim, which consists of allegations that counsel, among other things, failed to properly investigate defendant's prior criminal history or properly research the applicable law, involves matters outside of the record that are more properly the subject of a CPL article 440 motion (see People v Weidenheimer, 181 AD3d 1096, 1097 [2020]; People v White, 172 AD3d 1822, 1824 [2019], lv denied 33 NY3d 1110 [2019]).
That said, the People concede — and we agree — that reversal and remittal for resentencing is required in light of our decision in People v Sumter (169 AD3d 1275 [2019]). As noted previously, defendant entered his initial guilty plea before County Court, and, at all times relevant, including the underlying sentencing proceeding, defendant was represented by the Albany County Public Defender's office. However, "the Albany County Public Defender's office was precluded, as a matter of law, from representing [defendant] at the []sentencing hearing because the Public Defender, prior to being appointed to that position, was the County Judge who presided over" defendant's plea and deferred sentencing pending defendant's completion of or discharge from the drug court treatment program (id. at 1276). Consistent with our decision in Sumter, "the judgment []sentencing defendant must be reversed and the matter remitted for resentencing, with different representation assigned to defendant" (id.). Defendant's remaining arguments have been considered and found to be lacking in merit.
Garry, P.J., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment [*3]is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.