People v Elie (2021 NY Slip Op 00456)





People v Elie


2021 NY Slip Op 00456


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

110956

[*1]The People of the State of New York, Respondent,
v
Daniel P. Elie, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered June 21, 2018, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with rape in the third degree, with the understanding that he would be sentenced to a prison term of two years, to be followed by a period of postrelease supervision (hereinafter PRS) of between 5 and 15 years. The plea agreement required that he waive his right to appeal. Defendant pleaded guilty to rape in the third degree and signed a written waiver of appeal. Consistent with the terms of the agreement, defendant was sentenced, as an acknowledged second felony offender, to a prison term of two years to be followed by 13 years of PRS, to be served consecutively to the sentence he was then serving. Defendant appeals.
We affirm. Initially, as the People concede, defendant's waiver of the right to appeal was not knowing, intelligent and voluntary (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Brito, 184 AD3d 900, 901 [2020]).
In the absence of a valid appeal waiver, defendant's challenge to the sentence as harsh and excessive is not precluded (see People v Lopez, 6 NY3d at 256). Significantly, the two-year prison term imposed was the minimum sentence permissible upon defendant's conviction of a sex offense as a second felony offender (see Penal Law § 70.80 [1] [c]; [5] [b] [iv]), and a period of PRS in the range of 5 to 15 years was required (see Penal Law §§ 70.45 [2-a] [g]; 70.80 [9]). In advocating for the maximum period of PRS, the People pointed to defendant's failure to fully accept responsibility, his significant criminal history including his ongoing incarceration for attempted burglary and the trauma experienced by the 16-year-old victim as a result of defendant subjecting her to unwanted sexual intercourse. In mitigation, defense counsel cited defendant's willingness to enter a guilty plea and lack of prior sex offenses. County Court expressly took the foregoing factors into consideration, as well as defendant's expression of remorse, in imposing a lengthy period of PRS. Moreover, defendant's mental health diagnosis and learning disability were addressed during the plea allocution and known to the court and there is no indication that they played a role in this crime so as to warrant, in addition to the minimum prison sentence, a lesser period of PRS (see People v Hatcher, 168 AD3d 1313, 1313 [2019], lvs denied 33 NY3d 1031, 1032 [2019]).[FN1] We therefore find no extraordinary circumstances or abuse of discretion warranting a reduction of the period of PRS in the interest of justice (see People v Gonzalez, 186 AD3d 1832, 1832-1833 [2020]).
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant assured County Court during the plea proceedings that his various health problems did not affect his understanding of the proceedings, and he raises no issues in that regard on appeal.