People v Carrington (2021 NY Slip Op 03215)





People v Carrington


2021 NY Slip Op 03215


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

110330
[*1]The People of the State of New York, Respondent,
v
Derrick Carrington, Also Known as D-Magic, Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

John B. Casey, Cohoes, for appellant.
Letitia James, Attorney General, New York City (Lisa Fleischmann of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered December 18, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant and numerous codefendants were charged in a multicount indictment with various drug-related crimes arising from their participation in a large-scale narcotics distribution network. In satisfaction of the five charges brought against defendant, the People extended a plea offer under which defendant would plead guilty to attempted criminal possession of a controlled substance in the third degree and be sentenced, as a predicate felon, to a prison term of no more than 2½ years, followed by a period of postrelease supervision of between 1½ to 3 years as determined by County Court, to run concurrently with a sentence that was imposed in connection with an outstanding parole violation. The plea offer also required defendant to waive his right to appeal. Defendant accepted the plea offer and, after being advised of the trial-related rights that he was relinquishing, entered a plea of guilty and signed a written waiver of the right to appeal. At sentencing, defense counsel advised County Court of the parties' joint recommendation that a 2½-year period of postrelease supervision be imposed as part of the sentence, provided that County Court agreed. County Court did not adopt this recommendation and sentenced defendant, in accordance with the terms of the plea agreement, as a second felony drug offender to 2½ years in prison, followed by three years of postrelease supervision. Defendant appeals.
Initially, defendant contends that County Court improperly enhanced the sentence and imposed a three-year period of postrelease supervision contrary to the parties' joint recommendation that a shorter 2½-year period be imposed.[FN1] We find this claim to be unavailing as County Court made it clear that the plea agreement included a period of postrelease supervision of between 1½ and 3 years. Significantly, the plea agreement was memorialized in a written document clearly stating that the sentence ultimately imposed was within the court's "sole discretion." The court was not bound by the joint sentencing recommendation and the period of postrelease supervision that was imposed was consistent with the terms of the plea agreement (see People v Butler, 188 AD3d 1351, 1351-1352 [2020]; People v Harrington, 185 AD3d 1301, 1302 [2020]). Therefore, County Court was not obligated to provide defendant with the opportunity to withdraw his plea prior to imposing sentence (see People v Lamotte, 184 AD3d 907, 908 [2020]; People v Anderson, 177 AD3d 1031, 1032 [2019]).
In addition, defendant asserts that County Court did not conduct an adequate inquiry into the voluntariness of his guilty plea given his postplea statement in which he suggested that he possessed the drugs only for his personal use. This claim, however, [*2]has not been preserved for our review as the record fails to disclose that defendant made an appropriate postallocution motion and, under these circumstances, the narrow exception to the preservation requirement is inapplicable (see People v Hemingway, 192 AD3d 1266, 1267 [2021]; People v Mosher, 191 AD3d 1170, 1171 [2021]). Likewise, defendant's claim that he was denied the opportunity to controvert the allegations contained in the predicate felony statement (see CPL 400.21 [3]) is unpreserved given his failure to object at sentencing (see People v Hummel, 127 AD3d 1506, 1507 [2015], lv denied 25 NY3d 1202 [2015]; People v House, 119 AD3d 1289, 1290 [2014]). For the same reason, his claim that he was denied the opportunity to make a personal statement prior to sentencing (see CPL 380.50 [1]) is unpreserved (see People v Weis, 171 AD3d 1403, 1404 n [2019]; People v Morales-Lopez, 110 AD3d 1248, 1249 [2013], lvs denied 22 NY3d 1140 [2014]), and, in any event, is belied by the record as the court asked defendant during the sentencing proceeding if he wished to be heard and he specifically declined.
Lastly, the parties agree that the uniform sentence and commitment form inaccurately reflects that defendant was sentenced as a second felony offender when, in fact, he was sentenced as a second felony drug offender. The record discloses that the certificate of conviction contains the same error. Consequently, both documents must be amended accordingly (see People v Scharborough, 189 AD3d 1964, 1967 [2020]; People v Morton, 173 AD3d 1464, 1466 [2019], lv denied 34 NY3d 935 [2019]; People v Miller, 172 AD3d 1530, 1532-1533 [2019], lv denied 34 NY3d 935 [2019]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form and certificate of conviction.



Footnotes

Footnote 1: To the extent that this claim implicates the legality of the sentence, it is not precluded by defendant's waiver of the right to appeal (see People v Sablan, 177 AD3d 1024, 1025 [2019], lv denied 34 NY3d 1132 [2020]; People v Surdis, 163 AD3d 1363, 1364 n [2018], lv denied 32 NY3d 1068 [2018]). In any event, we find such waiver to be invalid given the overbroad language contained in the written waiver, which foreclosed defendant from pursuing other available remedies, and County Court's failure to "ensur[e] that defendant understood that some appellate and collateral review survived the waiver" (People v Figueroa, 192 AD3d 1269, 1270 [2021]).