People v Chrise (2021 NY Slip Op 04931)





People v Chrise


2021 NY Slip Op 04931


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

110710
[*1]The People of the State of New York, Respondent,
v
Richard Chrise, Appellant.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Mark Diamond, Albany, for appellant.
Letitia James, Attorney General, New York City (Lisa E. Fleischmann of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Schenectady County (Hogan, J.), rendered June 21, 2018, convicting defendant upon his guilty plea of the crime of criminal sale of a controlled substance in the fifth degree.
Following an investigation by the Attorney General's Organized Crime Task Force, defendant and others were charged in a 226-count indictment with conspiracy and other crimes stemming from the distribution of cocaine in multiple counties in New York.[FN1] Pursuant to a plea agreement resolving all charges, defendant entered a guilty plea to a reduced charge of criminal sale of a controlled substance in the fifth degree under count 45 of the indictment, and executed a waiver of appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant, as an acknowledged second felony offender, to a prison term of two years to be followed by two years of postrelease supervision, to be served under parole supervision in the Willard drug treatment program. Defendant appeals.
Defendant argues that his guilty plea was involuntary as a result of County Court (Sypniewski, J.) misstating his maximum sentencing exposure. Although this claim survives defendant's unchallenged waiver of appeal, it is unpreserved for our review in that he did not object or move to withdraw his guilty plea, despite ample opportunity to do so prior to sentencing (see People v Weidenheimer, 181 AD3d 1096, 1097 [2020]; People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]). In any event, the record reflects that, in the context of a bail application and Parker warnings, when the court understated defendant's maximum sentencing exposure if he were convicted on the top count of the indictment, conspiracy in the second degree, a class B felony, the prosecutor immediately and accurately corrected the record, indicating, as he had during an earlier plea offer, that defendant's exposure was up to 12½ to 25 years, which the court then reiterated (see Penal Law § 70.06 [3] [b]; [4] [b]; People v Odom, 164 AD3d 1475, 1476 [2018], lv denied 32 NY3d 1176 [2019]).[FN2] Defendant's further contention, that County Court (Hogan, J.) failed to comply with the procedures set forth in CPL 400.21 when sentencing him as a predicate offender, survives his appeal waiver but is likewise unpreserved for our review given his failure to object at sentencing (see People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Howell, 178 AD3d 1148, 1149 [2019], lv denied 34 NY3d 1129 [2020]).
Finally, given that defendant is a predicate felony offender who was convicted on his guilty plea of a drug-related felony under Penal Law article 220, County Court was required to designate him as a second felony drug offender, as alleged in the predicate statement, rather than a second felony offender (see Penal Law § 70.70 [1] [b]; People v Duggins, 192 AD3d 191, 196 [2021], lv denied 36 NY3d 1096 [2021]; People v Sanders, 185 AD3d 1280, 1287-1288 [2020], lv denied [*2]35 NY3d 1115 [2020]). Thus, the certificate of conviction and uniform sentence and commitment form should be amended to reflect the current adjudication as a second felony drug offender (see People v Morrow, 163 AD3d 1265, 1266 [2018]).[FN3] Defendant's allegations regarding what defense counsel advised him involve matters outside of the record that are more properly the subject of a CPL article 440 motion to vacate (see People v Miller, 190 AD3d 1029, 1031 [2021]).
Garry, P.J., Egan Jr., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Schenectady County for entry of an amended uniform sentence and commitment form and an amended certificate of conviction.



Footnotes

Footnote 1: Defendant was named in three counts of the indictment, which charged him with conspiracy in the second degree (count 1), attempted criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree (counts 34 and 45).

Footnote 2: County Court (Sypniewski, J.) also understated defendant's sentencing exposure, as a second felony drug offender, on the drug sale count charged in count 45, as 9 years rather than 12 years (see Penal Law §§ 60.04 [3]; 70.70 [1] [b]; [3] [b] [i]), which was corrected during the plea allocution.

Footnote 3: The sentence contemplated by the plea agreement, which was imposed, was a lawful sentence for a second felony drug offender with a nonviolent predicate conviction (see Penal Law §§ 70.45 [2] [c]; 70.70 [3] [b] [iii]).