People v Williams (2022 NY Slip Op 01845)





People v Williams


2022 NY Slip Op 01845


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

111812
[*1]The People of the State of New York, Respondent,
v
Duane Williams, Appellant.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered June 24, 2019, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.
In February 2018, defendant allegedly entered a convenience store with a knife and robbed the store. Defendant was apprehended and thereafter waived indictment and pleaded guilty to a superior court information charging him with attempted robbery in the second degree. As part of the plea agreement, defendant was required to waive his right to appeal, which he purportedly did both orally and in writing. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of 2½ years followed by three years of postrelease supervision. Defendant appeals.
Initially, we find defendant's appeal waiver to be invalid, as the written waiver is overbroad and inaccurate, and "County Court did not overcome the overbroad language of the written waiver by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver" (People v Lunan, 196 AD3d 969, 970 [2021]; see People v Winters, 196 AD3d 847, 848-849 [2021], lvs denied 37 NY3d 1025, 1030 [2021]; People v Avera, 192 AD3d 1382, 1382 [2021], lv denied 37 NY3d 953 [2021]; People v Anderson, 184 AD3d 1020, 1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]).[FN1] Given the invalidity of the appeal waiver, we turn to the balance of defendant's claims.
Defendant contends that his guilty plea was not knowing, voluntarily and intelligent. This claim, however, is unpreserved for our review as the record does not reveal that defendant made an appropriate postallocution motion to withdraw his guilty plea despite having an opportunity to do so prior to sentencing (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-220 [2016]; People v Mercer, 169 AD3d 1112, 1113-1114 [2019], lv denied 33 NY3d 979 [2019]; People v Jackson, 159 AD3d 1276, 1276 [2018], lv denied 31 NY3d 1149 [2018]). Even assuming that the exception to the preservation requirement was triggered by certain statements made by defendant during the course of the presentence investigation, the record reveals that, at the sentencing proceeding, County Court fully satisfied its duty to inquire further, clarifying that defendant was aware of the contents of the presentence investigation report, that he had a chance to discuss it with counsel, that he was not attempting to raise any sort of defense of duress or coercion, that he was automatically forfeiting any such defense or defenses by pleading guilty and that he wished to proceed with the guilty plea (see People v Thompson, 110 AD3d 1114, 1115 [2013], lv denied 22 NY3d 1091 [2014]; People v Mead, 64 AD3d 814, 815 [2009], lv denied 14 NY3d 890 [2010]). "Having failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved [*2]for our review" (People v Lopez, 71 NY2d 662, 668 [1988] [citation omitted]; accord People v Greene, 195 AD3d 1317, 1318 [2021]; People v Karolys, 85 AD3d 1213, 1213 [2011], lv denied 17 NY3d 818 [2011]; cf. People v Jackson, 159 AD3d 1276, 1276 [2018], lv denied 31 NY3d 1149 [2018]).
Defendant's contention that he received ineffective assistance of counsel, to the extent that it impacts upon the voluntariness of his plea, is similarly unpreserved (see People v Nack, 200 AD3d 1197, 1198 [2021]; People v Johnson, 194 AD3d 1267, 1269 [2021]). "[T]he balance of defendant's ineffective assistance of counsel claim, including that counsel failed to investigate the facts of his case, research the applicable law or advise him of potential defenses, involve matters outside the record that are more properly the subject of a CPL article 440 motion" (People v McCoy, 198 AD3d 1021, 1023 [2021], lv denied 37 NY3d 1162 [2022]; see People v Chrise, 197 AD3d 1357, 1359 [2021], lv denied 37 NY3d 1059 [2021]; People v White, 172 AD3d 1822, 1824 [2019], lv denied 33 NY3d 1110 [2019]). Finally, we reject defendant's claim that his sentence, which fell within the statutory parameters for a class C felony offense (see Penal Law §§ 70.00 [2], [3]; 110.00, 110.05, 160.10), is harsh and excessive. County Court imposed the agreed-upon sentence, and, upon our review of the record, including the information contained in the presentence report, we find no extraordinary circumstances or abuse of discretion that would warrant modification of the sentence in the interest of justice (see People v Chase, 168 AD3d 1316, 1317 [2019]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: We encourage County Court to review the Model Colloquy for the waiver of the right to appeal (see New York State Unified Court System, Criminal Jury Instructions & Model Colloquies, Waiver of Right to Appeal [https://www.nycourts.gov/
judges/cji/8-Colloquies/1MCTOC.shtml]; People v Slade, 180 AD3d 1073, 1074 [2020]; People v Batista, 167 AD3d 69, 83 [2018, Scheinkman, P.J., concurring]; see People v Bisono, 36 NY3d 1013, 1026 [2020, Garcia, J., dissenting in part and concurring in part]).