People v O'Brien (2022 NY Slip Op 04670)

People v O'Brien

2022 NY Slip Op 04670

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112174
[*1]The People of the State of New York, Respondent,
v
Arnold O'Brien, Also Known as Boogie, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Matthew C. Hug, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered March 9, 2018, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Defendant, while on probation, engaged in sexual conduct with his girlfriend's nine-year-old daughter. In satisfaction of the ensuing two-count indictment, defendant pleaded guilty to rape in the first degree and purported to waive his right to appeal. County Court, having made no commitment regarding the period of postrelease supervision to be imposed, sentenced defendant, as a second felony offender, to the agreed-upon prison term of eight years, followed by 25 years of postrelease supervision, to be served consecutively to the resentence imposed in connection with his admission to violating the terms of his probation.[FN1] Defendant appeals.
We agree with defendant that his appeal waiver is invalid, as the written waiver, which purports to waive all appellate and collateral relief on certain nonwaivable issues in both state and federal court, is overbroad, and County Court's oral explanation did not overcome those deficiencies by ensuring that defendant understood that some appellate and collateral review survived (see People v Thomas, 34 NY3d 545, 566 [2019]; People v Williams, 203 AD3d 1398, 1398-1399 [2022], lv denied 38 NY3d 1036 [2022]; People v Lunan, 196 AD3d 969, 969-970 [2021]). Although the invalid appeal waiver does not preclude defendant's challenge to the sentence imposed, we are nevertheless unpersuaded that the imposition of the maximum period of postrelease supervision is unduly harsh or severe, given the heinous and premeditated nature of the crime, as well as defendant's criminal history, which reflects an escalation of his criminal conduct (see CPL 470.15 [6] [b]; People v Elie, 190 AD3d 1191, 1192 [2021], lv denied 36 NY3d 1119 [2021]).
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant also admitted to violating the terms of his probation in connection with his previous conviction of burglary in the third degree, resulting in County Court revoking his probation and resentencing him to a prison term of 1½ to 4½ years.