People v Devane (2023 NY Slip Op 00006)

People v Devane

2023 NY Slip Op 00006

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

112468
[*1]The People of the State of New York, Respondent,
v
Donnie Devane Jr., Also Known as Junior, Appellant.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered April 25, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In 2017, defendant was arrested for possessing drug paraphernalia and more than half of an ounce of cocaine with the intent to sell and was subsequently charged in a six-count indictment with four counts of criminal possession of a controlled substance in the third degree, one count of tampering with physical evidence and one count of criminally using drug paraphernalia in the second degree. In full satisfaction of the indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree pursuant to a plea agreement that included an oral and signed written waiver of appeal. Consistent with the terms of that agreement, County Court sentenced defendant, as a second felony offender, to a determinate prison term of five years to be followed by three years of postrelease supervision. Defendant appeals.
"Initially, we find defendant's appeal waiver to be invalid, as the written waiver is overbroad and inaccurate, and 'County Court did not overcome the overbroad language of the written waiver by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver'" (People v Williams, 203 AD3d 1398, 1398-1399 [3d Dept 2022], lv denied 38 NY3d 1036 [2022], quoting People v Lunan, 196 AD3d 969, 970 [3d Dept 2021]; see People v Winters, 196 AD3d 847, 848-849 [3d Dept 2021], lv denied 37 NY3d 1030 [2021]; People v Avera, 192 AD3d 1382, 1382 [3d Dept 2021], lv denied 37 NY3d 953 [2021]). Given the invalidity of the appeal waiver, we turn to the balance of defendant's claims.
Defendant contends that his guilty plea was not knowing, voluntary and intelligent. This claim, however, is unpreserved for our review as the record does not reveal that defendant made an appropriate postallocution motion to withdraw his guilty plea despite having an opportunity to do so prior to sentencing (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-220 [2016]; People v Mercer, 169 AD3d 1112, 1113-1114 [3d Dept 2019], lv denied 33 NY3d 979 [2019]; People v Jackson, 159 AD3d 1276, 1276 [3d Dept 2018], lv denied 31 NY3d 1149 [2018]). Defendant's contention that he received the ineffective assistance of counsel, to the extent that it impacts upon the voluntariness of his plea, is similarly unpreserved (see People v Nack, 200 AD3d 1197, 1198 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]; People v Johnson, 194 AD3d 1267, 1269 [3d Dept 2021]). "[T]he balance of defendant's ineffective assistance of counsel claim, including that counsel failed to investigate the facts of his case, research the applicable law or advise him of potential defenses, involve matters outside the record that are more properly the subject of a CPL article 440 motion" (People v McCoy, 198 AD3d [*2]1021, 1023 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]; see People v Chrise, 197 AD3d 1357, 1359 [3d Dept 2021], lv denied 37 NY3d 1059 [2021]; People v White, 172 AD3d 1822, 1824 [3d Dept 2019], lv denied 33 NY3d 1110 [2019]).
Lastly, after reviewing the record, including the information contained in the presentence investigation report, we reject defendant's challenge to his sentence as unduly harsh or severe (see People v Stallworth, 83 AD3d 1293, 1294 [3d Dept 2011]). However, given that defendant admitted to a predicate felony and was then convicted on his guilty plea of a drug-related felony under Penal Law article 220, County Court was required to designate him as a second felony drug offender, not a second felony offender (see Penal Law § 70.70 [1] [b]; People v Chrise, 197 AD3d at 1359). Notably, defendant's sentence — a determinate prison term of five years followed by three years of postrelease supervision — falls within the statutory parameters for a second felony drug offender convicted of a class B felony offense (see Penal Law §§ 70.70 [3] [b] [i]; 70.45 [2] [d]), and we decline to disturb it. The uniform sentence and commitment form must be amended accordingly (see People v Carrington, 194 AD3d 1253, 1255 [3d Dept 2021]; People v Scharborough, 189 AD3d 1964, 1967 [3d Dept 2020]).
Lynch, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Schenectady County for entry of an amended uniform sentence and commitment form.