People v Thompson (2023 NY Slip Op 02810)

People v Thompson

2023 NY Slip Op 02810

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

112487
[*1]The People of the State of New York, Respondent,
v
Kevin Thompson, Appellant.

Calendar Date:April 21, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered February 28, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal possession of a controlled substance in the third degree. Defendant subsequently pleaded guilty to the charged crime with the understanding that he would be sentenced as a second felony drug offender to a prison term of seven years followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. County Court imposed the agreed-upon term of imprisonment, and this appeal ensued.
We agree with defendant that his waiver of the right to appeal is invalid. The written waiver executed by defendant contained overbroad and inaccurate language, and County Court's oral explanation of the waiver "did not overcome these defects by ensuring that defendant understood that some appellate and collateral review survived" (People v Puleski, 210 AD3d 1143, 1144 [3d Dept 2022]; see People v Devane, 212 AD3d 894, 895 [3d Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Salahuddin, 211 AD3d 1323, 1324 [3d Dept 2022], lv denied 39 NY3d 1113 [2023]). In light of the invalid appeal waiver, defendant's challenge to the severity of his sentence is not foreclosed (see People v Puleski, 210 AD3d at 1144). That said, upon due consideration of all of the relevant circumstances, we do not find the agreed-upon sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce it in the interest of justice.
However, "given that defendant is a predicate felony offender who was convicted on his guilty plea of a drug-related felony under Penal Law article 220, County Court was required to designate him as a second felony drug offender . . . rather than a second felony offender" (People v Chrise, 197 AD3d 1357, 1359 [3d Dept 2021], lv denied 37 NY3d 1059 [2021]). Although the commitment order signed by County Court accurately designated defendant as a second felony drug offender, the uniform sentence and commitment form incorrectly indicated that defendant had been sentenced as a second felony offender. Accordingly, the uniform sentence and commitment form should be amended to reflect defendant's current adjudication as a second felony drug offender (see People v Devane, 212 AD3d at 896; People v Chrise, 197 AD3d at 1359; People v Carrington, 194 AD3d 1253, 1255 [3d Dept 2021]).[FN1]
Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Schenectady County for entry of an amended uniform sentence and commitment form.

Footnotes

Footnote 1: Based on the foregoing, the certificate of conviction, which was not included in the record on appeal, similarly should be amended if it contains the same inaccuracy.