People v Faublas (2023 NY Slip Op 02806)

People v Faublas

2023 NY Slip Op 02806

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

111507B
[*1]The People of the State of New York, Respondent,
v
Clifford Faublas, Also Known as G, Appellant.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the Supreme Court (Matthew J. Sypniewski, J.), rendered February 21, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
Defendant pleaded guilty to a four-count indictment charging him with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree stemming from his sale and possession of cocaine on two dates in 2018. Pursuant to the plea agreement, defendant was required to waive his right to appeal and, in exchange, was granted judicial diversion over the People's opposition (see CPL art 216). Defendant was informed at that time that, should he fail to successfully complete the judicial diversion program, he could be sentenced to terms of imprisonment. Supreme Court later terminated defendant's participation in the judicial diversion program after he reportedly twice tested positive for heroin and was discharged from a halfway house, and imposed a prison sentence of eight years to be followed by three years of postrelease supervision on each count, as a second felony offender, to be served concurrently. Defendant appeals.[FN1]
Initially, the People concede, and we agree with defendant, that his waiver of the right to appeal is invalid. The language of the written appeal waiver is overbroad and inaccurate, and Supreme Court failed to overcome these defects "by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver" (People v Devane, 212 AD3d 894, 895 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 39 NY3d 1110 [2023]; see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]; People v Palmer, 207 AD3d 802, 803 [3d Dept 2022], lv denied 39 NY3d 941 [2022]; People v Williams, 203 AD3d 1398, 1398-1399 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). In light of defendant's invalid appeal waiver, his remaining contentions are not precluded (see People v Davis, 204 AD3d 1072, 1074 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]; People v Linear, 200 AD3d 1498, 1499 [3d Dept 2021], lv denied 38 NY3d 951 [2022]).
Nevertheless, defendant's claims regarding the voluntariness and/or factual sufficiency of his plea are unpreserved for our review, as the record does not reveal that he made an appropriate postallocution motion despite having had an ample opportunity to do so (see CPL 220.60 [3]; People v Brito, 184 AD3d 900, 901 [3d Dept 2020]). "Further, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an element of the charged crime[s] or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement does not apply" (People v Brito, 184 AD3d at 901 [citations [*2]omitted]; see People v Brown, 191 AD3d 1047, 1048 [3d Dept 2021]). Defendant's ineffective assistance of counsel claims, insofar as they impact upon the voluntariness of the plea, are likewise unpreserved based upon his failure to make an appropriate postallocution motion (see People v Devane, 212 AD3d at 896; People v Thompson, 193 AD3d 1186, 1187 [3d Dept 2021]). To the extent that defendant's ineffective assistance of counsel claims involve matters outside of the record, they are more properly addressed in the context of a CPL article 440 motion (see People v Williams, 203 AD3d at 1400; People v Linear, 200 AD3d at 1499; People v Miller, 190 AD3d 1029, 1031 [3d Dept 2021]).
Finally, we reject defendant's challenge to the severity of his sentence. Defendant was fully apprised of the consequences of his unsuccessful completion of the judicial diversion program, including the possibility of facing the maximum permissible prison sentence. Notably, the sentence ultimately imposed fell well within the statutory range for defendant, a second felony offender (see Penal Law §§ 70.06 [1]; 70.70 [3] [b] [i]; 220.16, 220.39). In view of defendant's termination from the judicial diversion program for failure to adhere to its terms, and in consideration of his lengthy criminal history, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Garry, 206 AD3d 1170, 1172-1173 [3d Dept 2022]; People v March, 122 AD3d 1001, 1003 [3d Dept 2014]).
Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: When this matter was previously before us, we rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (204 AD3d 1165 [3d Dept 2022]).