People v Faulkner (2023 NY Slip Op 03266)

People v Faulkner

2023 NY Slip Op 03266

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

112747 
[*1]The People of the State of New York, Respondent,
v
Henry Faulkner Jr., Appellant.

Calendar Date:May 26, 2023 

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Catherine A. Barber, Guilderland, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered November 12, 2019, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count each of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to concurrent prison terms of 3½ to 7 years upon the weapon conviction and 11 years followed by three years of postrelease supervision upon the drug conviction. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in accordance with the plea agreement, and, at sentencing, the People recommended reducing the agreed-upon term of imprisonment with respect to the drug conviction to nine years. County Court sentenced defendant accordingly. Defendant appeals.
The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid, "as the written waiver is overbroad and inaccurate, and County Court did not overcome the overbroad language . . . by ensuring that defendant understood that some appellate and collateral review survive[d] an appeal waiver" (People v Devane, 212 AD3d 894, 895 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 39 NY3d 1110 [2023]; see People v Puleski, 210 AD3d 1143, 1144 [3d Dept 2022]). Accordingly, defendant's challenge to the severity of his sentence is not foreclosed (see People v Jacobs, 214 AD3d 1258, 1259 [3d Dept 2023]). Nonetheless, upon due consideration of the relevant circumstances and the record, including defendant's extensive criminal history and the fact that the People agreed to a reduction of the previously-negotiated sentence, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce his sentence in the interest of justice. Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.