People v Rodriguez (2024 NY Slip Op 03358)

People v Rodriguez

2024 NY Slip Op 03358

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

113044
[*1]The People of the State of New York, Respondent,
v
Tyrone Rodriguez, Appellant.

Calendar Date:May 28, 2024

Before:Garry, P.J., Egan Jr., Lynch, Fisher and Powers, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Nora E. Baker of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Rensselaer County (Debra J. Young, J.), rendered April 3, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was charged in two indictments with various drug-related crimes. In satisfaction of the indictments, defendant agreed to plead guilty to criminal sale of a controlled substance in the third degree and purportedly waived the right to appeal. Pursuant to the plea agreement, there was no promise made as to the length of the sentence to be imposed. Inasmuch as defendant was participating in a Treatment Accountability for Safer Communities (hereinafter TASC) program resulting from an Albany County conviction at the time, the terms of the plea agreement included that he complete that program and sentencing would be adjourned. Defendant was advised by County Court that if he failed to complete the TASC program, he could be sentenced up to the maximum of nine years in prison. After County Court was informed that defendant had absconded from the TASC program prior to completion, a warrant was issued for his arrest. Following his arrest, County Court sentenced defendant to five years in prison, to be followed by two years of postrelease supervision, with the sentence to run consecutively to the sentence he was serving for the Albany County conviction. Defendant appeals.
We affirm. Initially, as the People concede and our review of the record confirms, defendant's appeal waiver is invalid. "The written waiver executed by defendant contained overbroad and inaccurate language, and County Court's oral explanation of the waiver did not overcome these defects by ensuring that defendant understood that some appellate and collateral review survived" (People v Thompson, 216 AD3d 1370, 1370-1371 [3d Dept 2023] [internal quotation marks and citations omitted]; see People v Thaxton, 222 AD3d 1171, 1172 [3d Dept 2023]).
Defendant also contends that his sentence is harsh and excessive. Initially, County Court's imposition of a consecutive prison sentence was legally permissible, inasmuch as the convictions in Rensselaer and Albany Counties resulted from separate and distinct acts (see People v Figueroa, 167 AD3d 1073, 1075 [3d Dept 2018]; People v Redeye, 8 AD3d 829, 830 [3d Dept 2004]; People v Brooks, 210 AD2d 800, 803 [3d Dept 1994], lv denied 85 NY2d 906 [1995]). Further, given defendant's criminal history, which was amassed over a short period of time, and his failure to complete the TASC program, we do not find the sentence imposed to be unduly harsh or severe so as to warrant a reduction in the interest of justice (see CPL 470.15 [6] [b]).
Garry, P.J., Egan Jr., Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.