People v Marin (2025 NY Slip Op 01675)

People v Marin

2025 NY Slip Op 01675

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

112266
[*1]The People of the State of New York, Respondent,
v
Arturo Marin, Appellant.

Calendar Date:February 7, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered January 10, 2020, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In satisfaction of a six-count indictment charging defendant with predatory sexual assault against a child and other sex crimes, defendant pleaded guilty to the reduced crime of rape in the first degree, admitting that he had engaged in sexual intercourse with a child under the age of 13. Pursuant to the plea agreement, which required defendant to waive his right to appeal, defendant was promised a prison term of 10 years, to be followed by a period of postrelease supervision (hereinafter PRS) of between 5 and 20 years, to be determined by County Court at sentencing. Upon his guilty plea, the court imposed the agreed-upon prison term of 10 years, to be followed by 16 years of PRS. Defendant appeals.
We affirm. Initially, as the People concede and our review of the record confirms, the waiver of appeal is invalid, in that the written waiver contains inaccurate and overbroad language, as this Court previously recognized with regard to identical waivers of appeal (see People v Arthur, 228 AD3d 1133, 1133-1134 [3d Dept 2024], lv denied 42 NY3d 969 [2024]; People v Tucker, 222 AD3d 1038, 1039 [3d Dept 2023]; People v Devane, 212 AD3d 894, 895 [3d Dept 2023], lv denied 39 NY3d 1110 [2023]). Moreover, County Court's brief oral colloquy reinforced and, thus, did not overcome the deficiencies in the written waiver (see id.; see also People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 566 [2019]). Consequently, defendant's argument regarding the severity of his sentence is not precluded (see People v Arthur, 228 AD3d at 1134; People v Faulkner, 217 AD3d 1143, 1143 [3d Dept 2023]). Upon consideration of the circumstances of defendant's crimes, which involved sexual abuse perpetrated against three young children over whom he held a position of trust, we do not find the sentence to be "unduly harsh or severe" (CPL 470.15 [6] [b]). Although defendant had no known criminal history, his guilty plea to a reduced crime satisfied other criminal charges including a more serious class A-II felony charge, and the sentence imposed was significantly less than the potential 25-year prison term and 20-year period of PRS that could have been imposed for the class B violent sex offense to which he pleaded guilty (see Penal Law §§ 70.02 [3] [a]; 70.45 [2-a] [f]). Accordingly, we decline defendant's request to reduce his sentence in the interest of justice.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.