■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIS JOHNSON, Appellant. [59 NYS3d 866]—

McCarthy, J.P. Appeal from a judgment of the County Court of Broome County (Martin, J.), rendered December 16, 2014, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant was charged in a four-count indictment with murder in the first degree and other crimes, stemming from the shooting death of Sergio Beldo in October 2013. In satisfaction of those charges, defendant accepted a plea agreement pursuant to which he pleaded guilty to the reduced charge of man-

slaughter in the first degree. County Court thereafter imposed a prison term of 19 years with five years of postrelease supervision. Defendant now appeals.

Defendant challenges the factual sufficiency of the plea allocution for the first time on appeal. Having failed to make an appropriate postallocution motion to withdraw his guilty plea, defendant deprived County Court of the opportunity to address any claimed deficiency and take any needed corrective action, and did not preserve the issue for this Court's review (*see* CPL 220.60 [3]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Ocasio-Rosario*, 120 AD3d 1463, 1464 [2014], *lvs denied* 25 NY3d 1168 [2015], 26 NY3d 1148 [2016]). Contrary to defendant's claim, he did not make any statements during the plea allocution or thereafter that cast doubt on his guilt or the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement is inapplicable (*see People v Williams*, 27 NY3d 212, 219-220 [2016]; *People v Lopez*, 71 NY2d at 666; *People v Austin*, 141 AD3d 956, 957 [2016]). Were the issue properly before us, we would find that the plea was "a knowing, voluntary and intelligent choice among alternative courses of action" (*People v Conceicao*, 26 NY3d 375, 382 [2015]; *see People v Farnsworth*, 140 AD3d 1538, 1540 [2016]). Defendant pleaded guilty to a lesser crime and was not required to personally recite its elements or engage in a factual recitation (*see People v Goldstein*, 12 NY3d 295, 300-301 [2009]), and it was sufficient that he provided affirmative responses to the court's questions (*see People v Toledo*, 144 AD3d 1332, 1333 [2016], *lv denied* 29 NY3d 1001 [2017]; *People v Larock*, 139 AD3d 1241,1242 [2016], *lv denied* 28 NY3d 932 [2016]). During the plea allocution, defendant admitted that following an altercation with the victim, he returned with a shotgun and shot the victim with the intent to cause serious physical injury, causing the victim's death (*see* Penal Law § 125.20 [1]). Defendant's refusal to implicate the other participant, which was not required by the agreement, did not negate an element of the crime.

Defendant also argues that the sentence was harsh and excessive. We are not persuaded. Defendant's claim that he had mental health problems is unsupported in the record and, given his lack of remorse, criminal history and the senseless brutality of this crime, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [b]; *People v Buck*, 136 AD3d 1117, 1119 [2016]).

Garry, Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.