People v Cross (2018 NY Slip Op 06591)





People v Cross


2018 NY Slip Op 06591


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

106685

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
THOMAS E. CROSS, Appellant.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Henry C. Meier, Delmar, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Peter N. DeLucia of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 9, 2013, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.
In full satisfaction of a four-count indictment, defendant pleaded guilty to reckless endangerment in the first degree. County Court sentenced him, as a second felony offender, to 2 to 4 years in prison. Defendant now appeals.
We affirm. Defendant's claim that his plea allocution was factually insufficient as to depraved indifference, a required element of the crime of reckless endangerment in the first degree (see Penal Law § 120.25), is unpreserved for our review given that defendant failed to make an appropriate postallocution motion (see People v Cook, 150 AD3d 1543, 1544 [2017]; People v Griffith, 136 AD3d 1114, 1114 [2016], lv denied 28 NY3d 1184 [2017]). Moreover, defendant did not make any statements during the plea colloquy that cast doubt on his guilt or negated an essential element of the crime so as to trigger the narrow exception to the preservation rule (see People v Johnson, 153 AD3d 1047, 1048 [2017], lv denied 30 NY3d 1061 [2017]; People v Griffith, 136 AD3d at 1114-1115). Defendant's claims that he was denied the effective assistance of counsel are not related to the plea bargaining process or the voluntariness of the plea and, therefore, are forfeited by his guilty plea (see People v Petgen, 55 NY2d 529, 534 [1982]; People v Chappelle, 121 AD3d 1166, 1168 [2014], lv denied 24 NY3d 1118 [2015]; People v Mercer, 81 AD3d 1159, 1160 [2011], lv denied 19 NY3d 999 [2012]). In any event, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record cast doubt upon the apparent effectiveness of counsel" and, were we to address these claims, we would conclude that defendant received meaningful representation (People v Case, 139 AD3d 1239, 1240 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 928 [2016]).
Garry, P.J., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.