People v King (2018 NY Slip Op 07795)





People v King


2018 NY Slip Op 07795


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

109042

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROY KING, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Donnial K. Hinds, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 4, 2016, convicting defendant upon his plea of guilty of the crime of attempted
promoting prison contraband in the first degree.
During a prison yard fight, defendant, an inmate, was observed throwing a razor-like weapon, and he was charged by indictment with promoting prison contraband in the first degree. Pursuant to a plea agreement, County Court granted the People's motion to amend the indictment to charge attempted promoting prison contraband in the first degree, and defendant pleaded guilty to that reduced charge. Consistent with the agreement, defendant was sentenced, as an admitted second felony offender, to a prison term of 1½ to 3 years. Defendant appeals.
We affirm. Defendant challenges the factual sufficiency of his plea allocution, arguing that it failed to establish that the contraband he possessed was dangerous. This claim is unpreserved, as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Carston, 163 AD3d 1166, 1167 [2018], lv denied ___ NY3d ___ [Sept. 20, 2018]; People v Johnson, 153 AD3d 1047, 1048 [2017], lv denied 30 NY3d 1061 [2017]). Further, defendant did not make any statements during the allocution that cast doubt on his guilt or the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). Moreover, "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 300-301 [2009]; accord People v Woods, 147 AD3d 1156, 1157 [2017], lv denied 29 NY3d 1089 [2017]), nor was County Court required to "engage in a factual recitation," as defendant's affirmative responses to the court's questions were sufficient (People v Johnson, 153 AD3d at 1048).
To the extent that defendant challenges his guilty plea as not knowing, voluntary and intelligent, this claim is likewise unpreserved and, were the issue properly before us, we would find that the plea was "a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Johnson, 153 AD3d at 1048; People v Woods, 147 AD3d at 1156-1157). Finally, contrary to defendant's argument, his "eligibility for an enhanced sentence upon a hypothetical future conviction is merely a 'collateral consequence' of a plea of guilty that [he] need not be advised of in order for the guilty plea to be deemed fully informed" (People v Kirton, 36 AD3d 1011, 1014-1015 [2007] [internal quotation marks and citation omitted], lv denied 8 NY3d 947 [2007]; accord People v Richardson, 132 AD3d 1022, 1023 [2015]).
Garry, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.