People v Clark (2020 NY Slip Op 02204)





People v Clark


2020 NY Slip Op 02204


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

110452

[*1]The People of the State of New York, Appellant,
v
Joseph G. Clark, Respondent.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for appellant.
Eric K. Shillinger, Albany, for respondent.



Lynch, J.
Appeal from an order of the County Court of Columbia County (Nichols, J.), entered March 8, 2018, which granted defendant's motion to dismiss the indictment.
On September 9, 2017, defendant was arraigned in the Germantown Town Court (hereinafter the local court) on two counts of criminal possession of a controlled substance in the third degree. The local court issued two orders, one remanding defendant to the Columbia County Jail and the other assigning "Conflict [D]efender - [Dennis] McEvoy" in Columbia County to represent defendant. The matter was adjourned to September 13, 2017 for a preliminary hearing. By a "[f]ax [m]emorandum" dated September 11, 2017, the local court sent copies of the orders to the People and the Columbia County Public Defender's office — but not the assigned Conflict Defender. That same day, the People sent a notice to, among others, defendant and McEvoy advising that the matter would be presented to the grand jury, but did not specify a presentment date. The record indicates that the notice was served on defendant at 3:47 p.m. and faxed to McEvoy's office earlier in the day, while he was in court on another matter. The next day, on September 12, 2017, the People presented the matter to the grand jury, which voted to indict defendant on both counts. Thereafter, County Court granted defendant's motion to dismiss the indictment pursuant to CPL 190.50 (5), finding that the People failed to give defendant a reasonable opportunity to exercise his right to testify before the grand jury. The People appeal.
We affirm. In the circumstances presented, the People were required pursuant to CPL 190.50 (5) (a) to "accord . . . defendant a reasonable time to exercise his right to appear as a witness" before the grand jury. The statute "does not mandate a specific time period for notice; rather 'reasonable time' must be accorded to allow a defendant an opportunity to consult with counsel and decide whether to testify before a [g]rand [j]ury" (People v Sawyer , 96 NY2d 815, 816 [2001]). As County Court duly recognized, defendant had no such opportunity, for the order assigning counsel was not initially provided to McEvoy by the local court. Defendant, who remained incarcerated, was in no position to know that the appointment order had been misdirected. Nor did the generic presentment notice issued by the People on September 11, 2017 clarify matters, as it was sent to a number of attorneys, including McEvoy. The People contend, nonetheless, that defendant had an opportunity to testify after the grand jury vote but before the indictment was filed pursuant to CPL 150.5 (5) (a). That contention is unavailing because, under the circumstances presented, defendant was deprived of an opportunity to testify before the grand jury voted (see People v Evans , 79 NY2d 407, 413 [1992]).
Egan Jr., J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed.