People v Sequin (2022 NY Slip Op 00472)





People v Sequin


2022 NY Slip Op 00472


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

110461
[*1]The People of the State of New York, Respondent,
v
Nellie Sequin, Appellant.

Calendar Date:December 30, 2021

Before:Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Edward S. Graves, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Nichole M. Sands of counsel), for respondent.



Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered April 12, 2018, convicting defendant upon her plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.
In full satisfaction of a two-count indictment, defendant agreed to plead guilty to unlawful manufacture of methamphetamine in the third degree with the understanding that she would be sentenced to a prison term of two years — followed by one year of postrelease supervision — and that a fine would be imposed. The plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. County Court thereafter imposed the contemplated prison term and, as relevant here, a $5,000 fine. This appeal ensued.
Defendant has completed both her term of imprisonment and her period of postrelease supervision but argues that the $5,000 fine imposed as a component of her sentence is harsh and excessive. Preliminarily, defendant's challenge to the severity of the fine survives even a valid appeal waiver because the amount of the fine "was not included in the terms of the plea bargain" (People v Ortiz, 104 AD3d 1202, 1203 [2013]; see People v Hernandez, 140 AD3d 1521, 1523 [2016], lv denied 28 NY3d 971 [2016]). That said, defendant was advised that a fine was part of her plea agreement, County Court informed defendant that the maximum fine she could have faced absent such agreement was $5,000 and a review of the sentencing minutes reveals that the amount of the fine to be imposed was left to County Court's discretion (compare People v Sanchez, 164 AD3d 1545, 1547 [2018], lv denied 32 NY3d 1115 [2018]; People v Lohnes, 112 AD3d 1148, 1149 [2013]). As defendant voiced no objection to such amount at the time of sentencing, her challenge to the severity of the fine is unpreserved for our review (see People v Hernandez, 140 AD3d at 1523; People v Wingo, 103 AD3d 1036, 1037 [2013], lv denied 21 NY3d 1021 [2013]; cf. People v Mejia, 195 AD3d 1043, 1044 [2021], lv denied 37 NY3d 994 [2021]), and we decline defendant's invitation to take corrective action in the interest of justice.
Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.