People v Merritt (2022 NY Slip Op 06299)

People v Merritt

2022 NY Slip Op 06299

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

113072
[*1]The People of the State of New York, Respondent,
v
Stephan Merritt, Appellant.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Vivian Y. Joo of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered January 8, 2021, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant was indicted and charged with one count each of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree. The charges stemmed from an incident wherein defendant was found to be in possession of a shank-type weapon while incarcerated at Clinton Correctional Facility. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ to 3 years — said sentence to be served consecutively to the prison term he then was serving. The plea agreement also required defendant to waive his right to appeal and contemplated that a fine — in an amount to be determined by County Court — would be imposed. Defendant, appearing virtually, pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. Prior thereto, defendant executed a written waiver of the right to appeal. County Court subsequently sentenced defendant to the agreed-upon prison term and, as relevant here, imposed a fine in the amount of $2,500. This appeal ensued.
We affirm. Initially, for the reasons set forth below, we need not address defendant's claim that his waiver of the right to appeal is unenforceable. As for defendant's challenge to the voluntariness of his plea, which survives even a valid appeal waiver (see People v Guerrero, 194 AD3d 1258, 1260 [3d Dept 2021], lv denied 37 NY3d 992 [2021]), this issue is unpreserved for our review in the absence of a postallocution motion (see People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered here as defendant did not make any statements during the plea colloquy or at sentencing that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Sims, 207 AD3d 882, 884 [3d Dept 2022]; People v See, 206 AD3d 1153, 1155 [3d Dept 2022]). To the extent that defendant stated during the course of his presentence investigation interview that "another [incarcerated individual] asked him to hold a spoon for him and [defendant] put it in his waistband not realizing that it was a weapon," such statement was both inconsistent with defendant's sworn plea allocution (see People v Pittman, 166 AD3d 1243, 1245 [3d Dept 2018], lv denied 32 NY3d 1176 [2019]) and insufficient to impose a duty of further inquiry upon County Court (see People v Ospina, 175 AD3d 513, 514 [2d Dept 2019], lv denied [*2]34 NY3d 983 [2019]; cf. People v Fauntleroy, 206 AD3d 1347, 1347-1348 [3d Dept 2022]).
As to the fine imposed, because the amount of the fine was left to County Court's discretion and, hence, "was not included in the terms of the plea bargain," defendant's challenge to the perceived severity thereof also survives even a valid appeal waiver (People v Sequin, 201 AD3d 1252, 1253 [3d Dept 2022] [internal quotation marks and citation omitted]). However, inasmuch as defendant did not object to the amount of the fine imposed at sentencing, his argument is unpreserved for our review (see id. at 1253). To be sure, defendant expressed concern at the time of his plea regarding his ability to pay the applicable "surcharge," whereupon County Court advised him that any issues regarding the fine or surcharge to be imposed could be addressed at sentencing. That said, defendant made no argument on this point prior to the imposition of sentence, nor did he object to the amount of the fine ultimately imposed. Accordingly, this issue is not properly before us.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.