People v Stevens (2023 NY Slip Op 03517)

People v Stevens

2023 NY Slip Op 03517

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

113274 
[*1]The People of the State of New York, Respondent,
v
Lisa Lynn Stevens, Appellant.

Calendar Date:May 31, 2023

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ. 

John A. Cirando, Syracuse, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered October 6, 2021, convicting defendant upon her plea of guilty of the crime of grand larceny in the second degree.
In 2021, defendant waived indictment and pleaded guilty to grand larceny in the second degree. The charges stem from defendant's conduct between April 2017 and April 2019 of stealing over $50,000 by accepting payments from multiple people to plan and schedule vacations, which she did not do. County Court agreed to cap the sentence at 3 to 9 years in prison and, consistent therewith, the court sentenced defendant to a prison term of to 2½ to 7½ years. Defendant appeals.
We affirm. Defendant's challenges to the voluntariness of the plea and the factual sufficiency of the allocution are not preserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Hilliard, 214 AD3d 1259, 1260 [3d Dept 2023]; People v Robert, 214 AD3d 1085, 1086 [3d Dept 2023], lv denied ___ NY3d ___ [May 26, 2023]). Further, defendant made no statements during the plea colloquy to trigger the narrow exception to the preservation requirement warranting further inquiry by County Court (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Favreau, 174 AD3d 1226, 1228 [3d Dept 2019], lv denied 34 NY3d 980 [2019]).In any event, were we to consider these issues, we would find them to be without merit as the record reflects that defendant's plea was knowing, voluntary and intelligent, the terms of which were sufficiently placed on the record prior to the plea allocution (see People v Atutis, 214 AD3d 1264, 1266 [3d Dept 2023]; People v Graham, 214 AD3d 1256, 1257 [3d Dept 2023]). Further, defendant was not required to personally recite the elements of the underlying crime, as her affirmative response to the court's inquiry was sufficient (see People v Favreau, 174 AD3d at 1227; People v Johnson, 153 AD3d 1047, 1048 [3d Dept 2017], lv denied 30 NY3d 1061 [2017]).
Defendant's contention that she received ineffective assistance of counsel is similarly unpreserved (see People v Ballard, 200 AD3d 1476, 1477-1478 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Were this contention properly before us, we would find it unavailing as nothing in the record supports her contention that there was anything unclear about the plea agreement warranting further action by counsel (see generally People v Manor, 27 NY3d 1012, 1014 [2016]).
Finally, upon review of the record and the relevant factors, we reject defendant's contention that the sentence is unduly harsh or severe (see CPL 470.15 [6] [b]). To the extent that defendant contends — for the first time on appeal — that the prison term was imposed because she is indigent, an assertion that she alleges is supported by her inability to pay $100,000 in restitution prior to sentencing, we find such contention to be wholly without merit.
Garry, P.J., Pritzker, Reynolds Fitzgerald [*2]and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.