People v Steward (2023 NY Slip Op 05009)

People v Steward

2023 NY Slip Op 05009

Decided on October 5, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023 

110933
[*1]The People of the State of New York, Respondent,
v
Ramell Steward, Appellant.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Timothy S. Brennan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Lynch, J.P.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered March 30, 2017, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree and resisting arrest.
In satisfaction of an indictment charging defendant with criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree and resisting arrest, defendant pleaded guilty to all four charges with County Court's consent and agreement to impose a sentence within a defined range, as part of a plea agreement that required a waiver of appeal. Defendant admitted, among other things, that he had possessed two loaded .22 caliber pistols, with intent to use them unlawfully against another person, and had recklessly engaged in conduct which created a grave risk of death to another person. In exchange for his plea, the court promised to sentence defendant to prison terms on the top two counts in the range of 7 to 10 years, in addition to lesser concurrent sentences on the other two counts, all to run concurrently and to be followed by a period of postrelease supervision (hereinafter PRS) of between 2½ and 5 years. The court thereafter sentenced defendant to concurrent prison terms of seven years, followed by four years of PRS, on each of the two convictions for criminal possession of a weapon in the second degree, and to lesser concurrent sentences on the remaining convictions. Defendant appeals.
We affirm. Defendant's challenge to the voluntariness of his guilty plea and related claim that counsel was ineffective are unpreserved given that defendant failed to make an appropriate postallocution motion to withdraw his guilty plea on these grounds (see People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]). Defendant made no statements at any point that negated an element of the crimes or the voluntariness of his plea, so as to trigger the narrow exception to the preservation requirement (see People v Williams, 27 NY3d 212, 214 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). Contrary to his claim, he was informed of the trial-related rights that he was forfeiting by his guilty plea, which he indicated he understood (see People v Tyrell, 22 NY3d 359, 365 [2013]). Moreover, when the issue arose at sentencing as to whether defendant had discharged one of the guns he possessed in the direction of a crowd of people on the street, as the People argued and defense counsel disputed, County Court advised that it understood from the evidence that defendant had discharged a gun and intended to consider this as an aggravating factor in imposing sentence. As part of their sentencing recommendation, the People submitted several statements from police officers [FN1] who had responded to the scene and observed defendant with his arm extended, pointing a gun in the direction of the crowd, one of whom [*2]stated that defendant appeared to be firing his gun. The court repeatedly offered defendant an opportunity to move to withdraw his guilty plea and permitted him to confer with counsel and his family in the courtroom, after which defendant assured the court that he had sufficient time to discuss the matter with counsel and expressly declined to move to withdraw his guilty plea. Defendant's related claim that the People failed to provide discovery was forfeited by his decision to adhere to his guilty plea (see People v Miller, 162 AD3d 1231, 1234 [3d Dept 2018], lv denied 32 NY3d 939 [2018]).
We agree with defendant's contention that the waiver of appeal is invalid, as the record reflects that County Court used overly broad language that failed to advise him "that the appeal waiver was not a total bar to . . . taking an appeal" (People v Katoom, 205 AD3d 1132, 1133 [3d Dept 2022] [internal quotation marks and citation omitted]; see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]). Moreover, the written waiver executed by defendant purported, incorrectly, to waive all appellate rights with regard to state and federal court including collateral challenges, writs of error coram nobis and habeas corpus proceedings. As we previously recognized in assessing similar, overly broad waivers, the appeal waiver was insufficient to ensure that defendant appreciated the nature and consequences of the rights that he was relinquishing and, thus, it was not knowing, voluntary and intelligent (see People v Camlin, 215 AD3d 1013, 1013 n 1 [3d Dept 2023]; People v Katoom, 205 AD3d at 1133; see also People v Thomas, 34 NY3d 545, 558-560, 563, 565-566 [2019]). Given the invalid appeal waiver, which the People fail to even address in their brief, defendant is not precluded from challenging the severity of the sentence (see People v Coler, 214 AD3d 1207, 1207 [3d Dept 2023]). However, we do not find that the aggregate seven-year prison sentence followed by four years of PRS imposed on the top counts, which was within the range promised and avoided a potential 15-year sentence on those counts, was unduly harsh or severe, considering the seriousness of defendant's conduct and its potential for lethal consequences (see Penal Law §§ 70.02 [1] [b]; [3] [b]; 70.45 [2] [f]; 265.03, 470.15 [6] [b]). Defendant's claim that his sentence constituted cruel and unusual punishment was not preserved, as he did not raise this constitutional claim before County Court (see People v Pena, 28 NY3d 727, 730 [2017]). Defendant's remaining arguments have been considered and found to be lacking in merit.
Clark, Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The police officer statements dated March 2016 were disclosed prior to sentencing, but after the plea.