People v Booth (2023 NY Slip Op 06006)

People v Booth

2023 NY Slip Op 06006

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

112729
[*1]The People of the State of New York, Respondent,
v
Norman Booth, Appellant.

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ.

Carolyn B. George, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered October 12, 2020, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
In 2020, defendant was charged in a four-count indictment with criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). Defendant subsequently pleaded guilty to the charged crimes with the understanding from County Court that he would be sentenced as a second felony offender to concurrent prison terms of two years on each count, to be followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. County Court imposed the agreed-upon sentence, and this appeal by defendant ensued.
Initially, the People concede, and we agree, that the waiver of the right to appeal is invalid. "The written waiver executed by defendant contained overbroad and inaccurate language, and County Court's oral explanation of the waiver 'did not overcome these defects by ensuring that defendant understood that some appellate and collateral review survived' " (People v Thompson, 216 AD3d 1370, 1370-1371 [3d Dept 2023], quoting People v Puleski, 210 AD3d 1143, 1144 [3d Dept 2022]; see People v Faulkner, 217 AD3d 1143, 1143 [3d Dept 2023]; People v Faublas, 216 AD3d 1358, 1358 [3d Dept 2023], lv denied 40 NY3d 934 [2023]).
Notwithstanding the invalid appeal waiver, defendant's challenges to the voluntariness of the plea and the factual sufficiency of the plea allocution are not preserved for our review as the record does not reveal that defendant made an appropriate postallocution motion (see CPL 220.60 [3]; People v Stevens, 217 AD3d 1280, 1280 [3d Dept 2023], lv denied 40 NY3d 952 [2023]; People v Hilliard, 214 AD3d 1259, 1260 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Sanford, 171 AD3d 1405, 1406 [3d Dept 2019]; People v Atkinson, 124 AD3d 1149, 1150 [3d Dept 2015], lv denied 25 NY3d 949 [2015]). "Further, defendant made no statements during the plea colloquy to trigger the narrow exception to the preservation requirement warranting further inquiry by County Court" (People v Stevens, 217 AD3d at 1280 [citation omitted]; see People v Conceicao, 26 NY3d 375, 381 [2015]; People v Tyrell, 22 NY2d 359, 364 [2013]; People v Lopez, 71 NY2d 662, 666 [1988]). "In any event, were we to consider these issues, we would find them to be without merit as the record reflects that defendant's plea was knowing, voluntary and intelligent, the terms of which were sufficiently placed on the record prior to the plea allocution" (People v Stevens, 217 AD3d at 1280 [citations omitted]). Further, defendant was not required to personally recite the elements of the underlying crimes, as his affirmative [*2]responses to the court's inquiry was sufficient (see People v Goldstein, 12 NY3d 295, 300-301 [2009]; People v Favreau, 174 AD3d 1226, 1227 [3d Dept 2019], lv denied 34 NY3d 980 [2019]; People v Johnson, 153 AD3d 1047, 1048 [3d Dept 2017], lv denied 30 NY3d 1061 [2017]). Finally, since defendant has already served the full period of incarceration, his contention that the court erred in denying his request for a three-month adjournment of sentencing due to the ongoing COVID-19 pandemic has been rendered academic.
Garry, P.J., Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.