People v Herring (2024 NY Slip Op 00827)

People v Herring

2024 NY Slip Op 00827

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

112261
[*1]The People of the State of New York, Respondent,
v
Adonis Herring, Appellant.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Chi-Hsin Esther Engelhart of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), rendered May 16, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
In December 2017, defendant was indicted and charged with burglary in the second degree. In April 2018, defendant pleaded guilty to the reduced charge of attempted burglary in the second degree with the understanding that he would be sentenced to a prison term of five years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. Following additional adjournments, defendant failed to appear for sentencing in August 2018 and a warrant was issued. Despite defendant's violation of the previously issued Parker warnings and failure to return to court until May 2019, Supreme Court nonetheless imposed the agreed-upon sentence and granted defense counsel's request for a violent felony override. This appeal by defendant ensued.[FN1]
Although the People concede and we agree that defendant's waiver of the right to appeal is invalid (see People v Derverger, 214 AD3d 1261, 1262 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]), this issue is not dispositive as defendant's challenge to the voluntariness of his plea and his related claim that he was denied the effective assistance of counsel — to the extent that it impacts upon his plea — would survive even a valid appeal waiver (see e.g. People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]; People v Carroll, 172 AD3d 1821, 1821 [3d Dept 2019], lv denied 34 NY3d 929 [2019]). That said, despite the fact that more than one year elapsed between defendant's plea and sentencing, the record does not reflect that defendant made an appropriate postallocution motion during this time; indeed, in response to an inquiry from Supreme Court in July 2018, defense counsel made clear that defendant was not seeking to withdraw his plea. As such, defendant failed to preserve these issues for our review, and we find that the narrow exception to the preservation requirement is inapplicable (see People v Steward, 220 AD3d 982, 983 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]; People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant's notice of appeal contains an inaccurate date for the judgment appealed from, we exercise our discretion to treat the notice as valid (see CPLR 5520 [c]).