People v Arthur (2024 NY Slip Op 03354)

People v Arthur

2024 NY Slip Op 03354

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

112263
[*1]The People of the State of New York, Respondent,
v
Jason Arthur, Appellant.

Calendar Date:May 24, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Timothy S. Brennan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered March 26, 2019, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and endangering the welfare of a child.
Defendant was charged in a seven-count indictment (as amended) with two counts of assault in the first degree, criminal possession of a weapon in the third degree, tampering with physical evidence, forcible touching, sexual abuse in the third degree and endangering the welfare of a child. In full satisfaction of those charges, defendant was offered the opportunity to plead guilty to one count of the reduced charge of assault in the second degree and endangering the welfare of a child with the understanding that he would be sentenced as a second felony offender upon the assault conviction to a prison term of four years followed by five years of postrelease supervision and to a concurrent one-year period of incarceration upon the remaining conviction. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon sentence. This appeal ensued.
To the extent that defendant challenges the voluntariness of his plea, this claim, which survives even a valid appeal waiver, is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Ryals, 224 AD3d 938, 938 [3d Dept 2024]; People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]), and the narrow exception to the preservation requirement is inapplicable (see People v Rodriguez, 217 AD3d 1012, 1014 [3d Dept 2023]; People v Merritt, 210 AD3d at 1209-1210). As to the waiver of defendant's right to appeal, the People concede — and our review of the record confirms — that the waiver is invalid, as the written waiver contains inaccurate and overbroad language, and County Court's brief oral colloquy was insufficient to cure the deficiencies therein (see People v Tucker, 222 AD3d 1038, 1039 [3d Dept 2023]; People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]). Hence, defendant's argument regarding the severity of his sentence is not precluded (see People v Faulkner, 217 AD3d 1143, 1143 [3d Dept 2023]). Further, although defendant reached the maximum expiration of his sentence in October 2023, "he has not reached the maximum expiration date of his postrelease supervision period, and, as such, his challenge to the severity of his sentence is not moot" (People v Turner, 217 AD3d 1260, 1261 [3d Dept 2023]). That said, the five-year period of postrelease supervision imposed was mandatory for a second felony offender convicted of a violent felony (see Penal Law § 70.45 [2]), and defendant's assertion that such period constituted cruel and unusual punishment within the meaning of the Eighth Amendment is unpreserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]; People v Garcia-Reinaldo, 223 AD3d 971, 971 [3d Dept 2024[*2]], lv denied 41 NY3d 965 [2024]; People v Steward, 220 AD3d 982, 984 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]). As we otherwise discern no basis upon which to disturb the sentence imposed, the judgment of conviction is affirmed.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.