People v Herbert (2024 NY Slip Op 04494)

People v Herbert

2024 NY Slip Op 04494

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CR-23-0070
[*1]The People of the State of New York, Respondent,
v
Matthew Herbert, Also Known as Abdul Shaheed, Appellant.

Calendar Date:August 30, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered September 10, 2019, convicting defendant upon his plea of guilty of the crimes of rape in the second degree, criminal sexual act in the third degree and endangering the welfare of a child.
In satisfaction of a 14-count indictment stemming from crimes allegedly committed between July 2016 and March 2019, defendant pleaded guilty to rape in the second degree, criminal sexual act in the third degree and endangering the welfare of a child and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of seven years, to be followed by 15 years of postrelease supervision on the rape conviction, a consecutive prison term of two years, to be followed by 15 years of postrelease supervision, on the conviction of criminal sexual act and a one-year concurrent jail term on the conviction of endangering the welfare of a child. Defendant appeals.
Initially, as conceded by the People, and as confirmed upon our review, defendant's waiver of his right to appeal is invalid, as the written waiver contains inaccurate and overbroad language, and such deficiencies were not corrected by County Court's colloquy (see People v Arthur, 228 AD3d 1133, 1133-1134 [3d Dept 2024]; People v Tucker, 222 AD3d 1038, 1039 [3d Dept 2023]; People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]). As such, defendant's challenge to the severity of the sentence is not precluded (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Arthur, 228 AD3d at 1134; People v Steward, 220 AD3d 982, 984 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]). We nevertheless find defendant's challenge to the sentence to be unpersuasive. Although it is true that defendant received the maximum prison term and period of postrelease supervision on the rape conviction (see Penal Law §§ 70.02 [1] [c]; 70.06 [6]; 70.45 [2-a], [g]; 70.80 [6]), given the nature and circumstances of the crimes, we do not find the agreed-upon sentence to be unduly harsh or severe (see CPL 470.15 [b] [6]). Accordingly, the judgment is affirmed.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.