People v Gentry (2024 NY Slip Op 04490)

People v Gentry

2024 NY Slip Op 04490

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

112757
[*1]The People of the State of New York, Respondent,
v
Cordell Gentry, Appellant.

Calendar Date:August 30, 2024

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Terrence M. Kelly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered December 11, 2019, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant pleaded guilty to the fourth count of a nine-count indictment that charged him with robbery in the second degree and agreed to waive his right to appeal. In accordance with the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 6½ years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede — and our review of the record confirms — that defendant's waiver of his right to appeal is invalid, as the written waiver contains inaccurate and overbroad language, and the deficiencies therein were not cured by County Court's colloquy (see People v Arthur, 228 AD3d 1133, 1133-1134 [3d Dept 2024]; People v Tucker, 222 AD3d 1038, 1039 [3d Dept 2023]; People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]). As such, defendant's challenge to the severity of the sentence is not precluded (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Arthur, 228 AD3d at 1134; People v Steward, 220 AD3d 982, 984 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]).
In that regard, defendant contends that, given his young age of 20 years old, troubled upbring, substance abuse issues and limited education, the sentence is unduly harsh. Considering such information, as well as other relevant circumstances, including his criminal history, the advantageous nature of the plea and the fact that the agreed-upon sentence is less than two years above the statutory minimum permissible prison term (see Penal Law § 70.06 [6] [b]), we are unpersuaded that the sentence is unduly harsh or severe, and decline to take corrective action to modify the sentence in the interest of justice (see CPL 470.15 [6] [b]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.