People v Reynolds (2024 NY Slip Op 05373)

People v Reynolds

2024 NY Slip Op 05373

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

113634
[*1]The People of the State of New York, Respondent,
v
Jaziah Reynolds, Appellant.

Calendar Date:October 4, 2024

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael Connolly of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Richard J. McNally Jr., J.), rendered July 22, 2021 in Albany County, convicting defendant of the crime of attempted robbery in the second degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with attempted robbery in the second degree and purportedly waived his right to appeal. He was thereafter sentenced in accordance with the terms of the plea agreement to a prison term of six years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. This Court has previously deemed the same written appeal waiver to be overly broad (see e.g. People v Ellis, 229 AD3d 1006, 1006 [3d Dept 2024]; People v Lomack, 219 AD3d 1646, 1687 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]; People v Darby, 206 AD3d 1165, 1166 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). Moreover, our review of the oral colloquy reveals that Supreme Court "failed to explain the separate and distinct nature of the waiver so as to make clear that the right to appeal is not automatically forfeited upon entry of a guilty plea" (People v Ellis, 229 AD3d at 1006 [internal quotation marks and citation omitted]; see People v Mitchell, 228 AD3d 997, 998 [3d Dept 2024]; compare People v Rabine, 227 AD3d 1274, 1275 [3d Dept 2024]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]; People v Gonzalez, 138 AD3d 1353, 1354 [3d Dept 2016]). Nevertheless, in view of defendant's criminal history and the severity of the underlying crime, we do not find the agreed-upon sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Gentry, ___ AD3d ___, ___, 2024 NY Slip Op 04490, *1 [3d Dept 2024]; People v Garrick, 213 AD3d 999, 1000 [3d Dept 2023]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.