People v Berry (2025 NY Slip Op 01682)

People v Berry

2025 NY Slip Op 01682

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CR-22-2020
[*1]The People of the State of New York, Respondent,
v
DeJuan Berry, Appellant.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of St. Lawrence County (Craig Carriero, J.), rendered September 13, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant was charged in an indictment with two counts of criminal possession of a controlled substance in the third degree. On the eve of trial, defendant unsuccessfully moved to invalidate the People's certificate of compliance and deem them not ready for trial, claiming that the People failed to comply with discovery mandates. Defendant thereafter pleaded guilty to the reduced charge of criminal possession of a controlled substance in the fourth degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant, as a second felony drug offender with a prior violent felony conviction, to a prison term of 5½ years, to be followed by 1½ years of postrelease supervision. Defendant appeals.

We affirm. Contrary to defendant's view, his waiver of the right to appeal is valid. County Court advised defendant that the waiver of the right to appeal is separate and distinct from those rights automatically forfeited by his guilty plea and explained that, although the appeal waiver gives up the right to have an appellate court consider most claims of error, certain specified rights survive — which, upon inquiry by the court, defendant affirmed he understood. In addition, defendant executed a comprehensive written appeal waiver form — a form that we have found acceptable in other cases — and assured the court that he had reviewed it with counsel, understood it and had no questions (see People v Cali, 229 AD3d 940, 941 [3d Dept 2024]; People v Patterson, 228 AD3d 1138, 1139 [3d Dept 2024]; People v Thomas-Jandrew, 228 AD3d 1067, 1067 [3d Dept 2024]). In view of the foregoing, defendant's waiver of his right to appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Mathous, 228 AD3d 1140, 1140 [3d Dept 2024]). Defendant's valid appeal waiver forecloses his challenge to the severity of the agreed-upon sentence (see People v Pepe, 229 AD3d 1007, 1008 [3d Dept 2024]; People v Jones, 229 AD3d 1005, 1006 [3d Dept 2024]). Finally, defendant's contention regarding discovery violations affecting the validity of the certificate of compliance was forfeited by his unchallenged guilty plea (see People v MacLean, 226 AD3d 1178, 1180 n 1 [3d Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Steward, 220 AD3d 982, 984 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]).[FN1]
Egan Jr., J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent defendant asserts a statutory speedy trial violation, such a claim is precluded by his valid appeal waiver (see People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]; People v Votaw, 190 AD3d 1162, 1164 [3d Dept 2021], lv denied 36 NY3d 1101 [2021]).