People v Williams (2025 NY Slip Op 02245)

People v Williams

2025 NY Slip Op 02245

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

113682
[*1]The People of the State of New York, Respondent,
v
Jamey Williams, Also Known as Boom and Al, Appellant.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Carolyn B. George, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered October 20, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminally negligent homicide.
In 2021, defendant was charged in a 13-count indictment with various crimes, including that he sold the victim a controlled substance that contained fentanyl, which resulted in the victim's overdose and death. In satisfaction of the indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and criminally negligent homicide, and purportedly waived his right to appeal. Consistent with the plea agreement, County Court thereafter sentenced defendant, as a second felony offender, to 10 years in prison, to be followed by three years of postrelease supervision, for the criminal possession of a controlled substance conviction, and to a lesser concurrent sentence for the criminally negligent homicide conviction. Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal is invalid. The written waiver executed by defendant was overly broad, and County Court's brief oral colloquy was not sufficient to cure the defects in the written waiver (see People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]; People v Appiah, 218 AD3d 1060, 1061 [3d Dept 2023], revd on other grounds 41 NY3d 949 [2024]).
To the extent that defendant challenges the voluntariness and factual sufficiency of his plea, such arguments are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion despite an opportunity to do so, and the narrow exception to the preservation requirement is inapplicable here (see People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]; People v Dunbar, 218 AD3d 931, 932 [3d Dept 2023], lv denied 40 NY3d 950 [2023]). Further, although defendant correctly states the proposition that our authority to modify his sentence in the interest of justice is not predicated on his demonstration of extraordinary circumstances or an abuse of discretion by the sentencing court (see People v Brisman, ___ NY3d ___, ___, 2025 NY Slip Op 00123, *1 [Jan. 9, 2025]; People v Baldwin, 39 NY3d 1097, 1097-1099 [2023] [Wilson, J., concurring]; see also People v Brenda WW., 222 AD3d 1188, 1193 n 2 [3d Dept 2023]), considering defendant's criminal history and the seriousness of the underlying offenses, we do not find the agreed-upon concurrent sentences to be unduly harsh or severe (see People v Bailey, 224 AD3d 1044, 1047 [3d Dept 2024]) and decline his invitation to reduce them in the interest of justice (see CPL 470.15 [3] [c]).[FN1] Finally, although County Court referred to defendant as a second felony offender at sentencing, he was actually sentenced as a second felony drug offender (compare Penal Law § 70.06 [3] [b]; [4] [b], with Penal Law § 70.70 [3] [b] [i]). Accordingly, an amended [*2]uniform sentence and commitment form must be prepared to reflect defendant's status as a second felony drug offender (see People v Labaff, 127 AD3d 1471, 1472 [3d Dept 2015], lv denied 26 NY3d 931 [2015]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

Footnotes

Footnote 1: In his reply brief, defendant has withdrawn his contention that his sentence for criminal possession of a controlled substance was illegal.