People v Weis (2025 NY Slip Op 02969)

People v Weis

2025 NY Slip Op 02969

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CR-23-1154
[*1]The People of the State of New York, Respondent,
v
Dion Weis, Appellant.

Calendar Date:April 18, 2025

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Dennis J. Lamb, Troy, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Blythe K. Hicks of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (Timothy Lawliss, J.), rendered November 3, 2021, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree.
In full satisfaction of a six-count indictment, defendant agreed to plead guilty to criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of six years, to be followed by three years of postrelease supervision, upon each of his felony convictions and to a lesser period of incarceration upon his misdemeanor conviction — said sentences to run concurrently. The plea agreement also required defendant to waive his right to appeal and called for the imposition of, as relevant here, a fine in an amount to be determined by County Court. Defendant pleaded guilty in accordance with the plea agreement, and County Court imposed the contemplated sentence and a $5,000 fine. This appeal ensued.
We affirm. Although the written waiver of appeal, which was executed after defendant pleaded guilty to the subject crimes, contained language that we previously have found to be overbroad (see e.g. People v Harris, 233 AD3d 1202, 1203 [3d Dept 2024]; People v Hendrie, 232 AD3d 1067, 1068 [3d Dept 2024]), County Court's oral waiver colloquy was sufficient to ensure that defendant understood that some appellate review survived. To that end, County Court explained that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty, specifically advised defendant that certain appellate rights would survive the waiver and confirmed — following a thorough colloquy — that defendant had discussed the waiver of appeal with counsel, understood its ramifications and had no questions relative thereto. Under these circumstances, we are satisfied that defendant voluntarily waived his right to appeal (see id.; compare People v Williams, 211 AD3d 1337, 1339 [3d Dept 2022]; People v Grainger, 199 AD3d 1070, 1071 [3d Dept 2021]).
As to the severity of his sentence, defendant, as so limited by his brief, challenges only the period of postrelease supervision and the amount of the fine imposed. However, defendant's argument regarding the period of postrelease supervision imposed is precluded by the valid appeal waiver (see People v Yeager, 229 AD3d 942, 943 [3d Dept 2024]; People v Bonner, 182 AD3d 867, 867 [3d Dept 2020]). As for the fine, because the amount thereof was left [*2]to County Court's discretion and, hence, was not part and parcel of the plea agreement, defendant's claim that the $5,000 fine imposed upon his conviction of criminal sale of a controlled substance in the third degree was, among other things, grossly disproportionate to the underlying conduct (see Penal Law § 80.00 [1]) survives the valid appeal waiver (see People v Merritt, 210 AD3d 1209, 1210 [3d Dept 2022]; People v Sequin, 201 AD3d 1252, 1253 [3d Dept 2022]). That said, absent any objection to the sum imposed at the time of sentencing, defendant's claim in this regard is unpreserved for our review (see id.).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.