People v Clark (2026 NY Slip Op 00543)

People v Clark

2026 NY Slip Op 00543

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

113160
[*1]The People of the State of New York, Respondent,
vJoseph Clark, Appellant.

Calendar Date:January 7, 2026

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Erin C. Morigerato, Albany, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson (Kathleen Anderson of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Columbia County (Jonathan Nichols, J.), rendered July 19, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree (two counts).
In 2017, defendant was charged in an indictment with two counts of criminal possession of a controlled substance in the third degree, arising from his alleged possession of a half-ounce or more of narcotics with intent to sell (see Penal Law § 220.16 [1], [12]). We affirmed County Court's dismissal of that indictment, with leave to resubmit to a new grand jury, due to the People's failure "to give defendant a reasonable opportunity to exercise his right to testify before the grand jury" (People v Clark, 182 AD3d 703, 704 [3d Dept 2020]). The People then notified defendant's previously assigned counsel that they were presenting the matter to a new grand jury and, in August 2020, a new indictment was handed up that charged defendant with the same offenses. Defendant was arraigned in October 2020 and embarked upon pretrial proceedings, including filing a February 2021 motion to dismiss the indictment pursuant to CPL 210.20 (1) (h), which was ultimately denied by County Court as untimely and, in any case, lacking in merit (see CPL 255.20 [1]; People v Davidson, 98 NY2d 738, 739 [2002]). As jury selection was getting underway at trial, defendant claimed that he had just learned that the motion to dismiss had been untimely and unsuccessfully sought an adjournment to retain new counsel. Apparently hoping to remain at liberty pending sentencing so that he could put his affairs in order, defendant elected to plead guilty to the indictment the next day with the understanding that no sentencing commitment had been made. Defendant did remain at liberty, and he failed to appear at sentencing despite warnings that he would be sentenced in his absence if he failed to appear. County Court did sentence him in his absence, as a second felony offender, to concurrent prison terms of eight years, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Defendant's assertion that his plea was not knowing, voluntary and intelligent, as well as his related claim that he received ineffective assistance of counsel that impacted upon the voluntariness of his plea, are unpreserved for our review absent any indication that he made an appropriate postallocution motion despite having had ample opportunity to do so (see People v Scott, 44 NY3d 302, 306 [2025]; People v Guilder, 235 AD3d 1044, 1045-1046 [3d Dept 2025], lv denied 43 NY3d 963 [2025]; People v Castro, 170 AD3d 1286, 1287-1288 [3d Dept 2019], lv denied 33 NY3d 1029 [2019]).[FN1] Defendant suggests that he was misled as to his sentencing exposure in a manner that would not require preservation, but the record confirms that he was accurately advised of that exposure at the time he pleaded guilty, both in a plea affidavit he executed in open court [*2]and during the plea colloquy itself (compare People v Scott, 44 NY3d at 306-307; People v Shaw, 239 AD3d 1034, 1035-1036 [3d Dept 2025]). He made no "statements during the plea colloquy or at sentencing that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" so as to implicate the narrow exception to the preservation rule (People v Merritt, 210 AD3d 1209, 1210 [3d Dept 2022]; see People v Newsome, 238 AD3d 1219, 1220 [3d Dept 2025]). As the record reflects that defendant made a knowing, voluntary and intelligent decision to plead guilty and, in so doing, affirmed that he was satisfied with the performance of counsel, we decline his invitation to take corrective action in the interest of justice (see People v Moses, 236 AD3d 1201, 1202 [3d Dept 2025]).
Finally, we do not find the sentence imposed by County Court, which was well below the legally permissible maximum, to be unduly harsh or severe under the circumstances (see CPL 470.15 [6] [b]; People v Miller, 221 AD3d 1138, 1139 [3d Dept 2023]). Defendant's remaining contentions have been examined and are lacking in merit.
Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant's claim of ineffective assistance is premised upon facts outside of the record — most notably the alleged failure of counsel to advise him of his ability to move to withdraw his plea — such "is more appropriately addressed in the context of a motion pursuant to CPL article 440" (People v Kindred, 166 AD3d 1229, 1230 [3d Dept 2018]).